IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GREEN,

    Plaintiff,                      No. 2:12-cv-02093-GEB-CKD PS

    vs.

BANK OF AMERICA, et al.,

    Defendants.                ORDER

_____/

        Plaintiff filed the above-titled action on August 10, 2012. Dkt. 1. He paid the $350 filing fee and proceeded pro se in his claims against multiple defendants.

        In his complaint, which contains a caption of the Superior Court of California in Sacramento, plaintiff lodged various state law claims against numerous banks and other financial institutions. Id. In response to the court's September 13, 2012 order (dkt. 6) to show cause why the action should not be dismissed for lack of subject matter jurisdiction, plaintiff acknowledged that the action was improperly filed with this court and moved to dismiss the complaint against all defendants pursuant to Fed. R. Civ. Pro 41(a)(1). Dkt. 7,8. Accordingly, the clerk of court closed the case on September 20, 2012. Dkt. 9.

        Nevertheless, plaintiff filed a letter with the court one day after the case was closed seeking a refund of the $350 filing fee he paid to open the lawsuit. Dkt. 10. Without

further explanation, plaintiff would have the fee returned to him for his error of filing suit in the district court when the case should have been brought in state court.  This the undersigned cannot do.

Filing fees for initiating a lawsuit in district court are  authorized  by 28 U.S.C. § 1914 and are  part of the costs of litigation.  See Lucien v. De Tella, 141 F.3d 773, 775 (7th Cir. 1998).  Nothing in this statute, or any other, provides for the refund of such fees for any reason.  Nor does plaintiff direct us to any  precedent allowing such a course of action.

To the contrary — and though the Ninth Circuit has not spoken to this issue directly — numerous other courts have found that the voluntary dismissal of an action does not entitle the litigant to a refund of filing fees.  Grindling v. Martone, 2012 WL 4502954, at *2 (D. Hawaii  Sept. 28, 2012) (district court litigant denied refund after he voluntarily dismissed all claims against all defendants); see James v. Cropp, 2012 WL 1669727, at *1 (inmate plaintiff proceeding pro se and in forma pauperis was not entitled to refund of partially-paid fees despite voluntarily dismissing the case before even filing a complaint), Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) (fees are assessed for the privilege of initiating an appeal without regard to the subsequent disposition of the matter), Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir. 1996) (same) (overruled on other grounds), Goins v. Decaro, 241 F.3d 260, 261 (2nd Cir. 2001) (fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event they withd\raw their appeals), Porter v. Dept. of Treasury, 564 F.3d 176, 179-80 (3rd Cir. 2009) (filing fees  help defray the court resources consumed by opening and administering a case).

Though the undersigned recognizes that four of the above-mentioned cases concern appeals, the reasoning contained therein applies equally to filings in the district court.  Filing fees are directed towards covering the costs of *opening* a case  — whether at the appellate or district court level.  See Porter, 564 F.3d at 180 (emphasis added), Thurman, 97 F.3d at 187 (the dispositive event is "bringing" a civil action).  As the name suggests, it is a cost levied in connection with the *filing* of a lawsuit.  Plaintiff paid the fee and did just that.  And though the

case may have been resolved in any number of ways, none has any bearing on the refundability of the fee charged for bringing suit in the first instant.  Moreover, the court's resources were clearly implicated by plaintiff's initiating this litigation, despite its abbreviated duration: the case was opened on the docket, screened for jurisdictional and other issues, and an order issued, *sua sponte*, notifying plaintiff that it lacked subject matter jurisdiction.  Dkt.6.  The costs to which a filing fee is directed were certainly expended in this case.

Accordingly, plaintiff's request for a refund of his $350.00 filing fee (Dkt. No. 10) is HEREBY DENIED.

Dated: October 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9